Nichoi.son, C. J.,
delivered the opinion of the Court.
Anderson sued Hunter on an account for $100, it being the balance on the price of a horse sold by Anderson to Hunter in 1864. The price of the horse was $175, for which Hunter paid in cash $75, and gave Anderson an order on T. T. Coffin for $100, which was accepted by Coffin. Shortly after the trade Hunter saw Coffin and told him not to pay the order to Anderson, alleging that the horse was unsound. Coffin settled the order with Hunter. Ho step was taken by Anderson to collect the order from Coffin, but he sued Hunter in 1871 for the balance on the price of the horse. Hunter resisted the suit on the ground that by the terms of the contract Anderson sold him the horse and agreed to take in payment $75 in money and an accepted order on Coffin for $100, and that upon the payment of the money and the delivery of the order the contract was executed and the horse paid for. The court charged the jury that if this was the contract, then this would be an extinguishment of the debt for the horse, and the plaintiff could not recover in this action; and that the liability of Hunter on the original debt would not be revived by the fact that Coffin settled the order with Hunter, unless Anderson had assented thereto, and Huntér would not be liable in this form of action, but might be liable in another action. There was conflict in the testimony as to the terms of the trade which was determined by the jury to be as contended for by Hunter. • If the contract was, as found by *495 the jury, that Hunter was to give Anderson $75 in money and a specific order on Coffin, by him accepted, for $100 in payment for the horse, upon the payment of that money and the delivery of the order, the debt for the horse was extinguished' by the very terms of the contract, and of .course could not afterward be revived by any fraudulent arrangement between Hunter and Coffin as to the settlement of the order; but, as charged by the judge, Anderson’s remedy was in a different form of action.
We see no error in the charge, and affirm the judgment.